R. JOSEPH TROJAN  CA Bar No. 137,067
Trojan@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
Telephone:  310-777-8399
Facsimile:  310-777-8348
**Attorneys for Plaintiffs**
**RYAN TOKKO, THE HAIR SHOP, INC.,**
**and XTENPLUS INTERNATIONAL, INC.**

FILED
CLERK, U.S. DISTRICT COURT
DEC - 7 2011
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN TOKKO, an individual, THE HAIR SHOP, INC., a California corporation, and XTENPLUS INTERNATIONAL, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WWW.INTERNATIONALWIG.COM LLC, an Oregon limited liability company, and<br>BENAI NOELLER (a.k.a. DANIEL LOELER), an individual,<br><br>Defendants. | CASE NO. 11-cv-06836-DSF -FMO<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br>Hon. Dale S. Fischer<br><br>NOTE CHANGES MADE BY THE COURT. |

-1-

Case 2:11-cv-06836-DSF-FMO Document 21-2 Filed 12/05/11 Page 2 of 16 Page ID #:177

Subject to the approval of this Court, Plaintiffs, RYAN TOKKO, THE HAIR SHOP, INC., and XTENPLUS INTERNATIONAL, INC. (collectively, "Plaintiffs"), hereby submit the following proposed Protective Order.

## I. GOOD CAUSE STATEMENT

Federal Rule of Civil Procedure Rule 26(c) permits the grant of a protective order upon a showing of good cause, and provides that the protection of a trade secret or other confidential commercial information is a proper basis for the issuance of a protective order. The party seeking such an order must demonstrate a particular and specific need for the protective order. Gray v. Rodewald, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

A protective order that focuses on preventing disclosure of particular information, *e.g.* confidential business information, where disclosure would "likely cause serious harm," is supported by good cause. Hayden v. Siemens Medical Systems, Inc., 106 F.R.D. 551, 556 (S.D.N.Y. 1985). To support a showing of good cause, however, a protective order must be sufficiently tailored in the information it seeks to protect, e.g. by designating certain classes or types of information. Id.

A "blanket" protective order, as opposed to a broader "umbrella" protective order, "permits the parties to protect documents that they in good faith believe

-2-

contain trade secrets or other confidential commercial information. Such protective orders are routinely agreed to by the parties and approved by the courts in commercial litigation, especially in cases between direct competitors." Bayer AG and Miles Inc. v. Barr Laboratories, Inc., 162 F.R.D. 456, 465 (S.D.N.Y. 1995).

Plaintiffs anticipate that this action will require the production of documents and things and testimony that contains confidential, sensitive, and/or proprietary information requiring protection against unrestricted disclosure and use.

In this case, there is more than the mere potential for harm since disclosure of Plaintiffs' confidential information to the other party or even to a third party would place Plaintiffs at a competitive disadvantage. Such disclosure would provide competitors with reams of information about the manner in which Plaintiffs seek to compete with their rivals. The confidential documents could also divulge future business plans, product development research, sales information, and the terms and conditions of agreements that Plaintiffs have reached with third parties.

Any disclosure of information relating to a party's customers and suppliers, including purchase and sales information and terms of agreements, could potentially chill the party's relationship with those third parties.

This proposed Protective Order was drafted specifically to protect the disclosure of Plaintiffs' commercially sensitive information and confidential business information. Confidential information is specifically defined below. Such

information, under the proposed Protective Order, may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL (or ATTORNEY'S EYES ONLY), and is open to challenge by any party.

Based on the foregoing demonstration of good cause in support of the [Proposed] Protective Order, this Order should be granted by the Court to protect Plaintiffs' confidential business information.

## II. PROTECTIVE ORDER

IT IS HEREBY RESPECTFULLY REQUESTED that the Court enter this Protective Order, pursuant to Fed. R. Civ. P. 26(c) in order to protect certain confidential information that may be produced in this action.

1. The use or disclosure of confidential documents that the parties to this Protective Order or any third party produces or discloses in the above captioned case shall be subject to the terms of this Protective Order.

2. The term "trade secrets" shall be defined in accordance with California Civil Code § 3426.1 as any "information, including a formula, pattern, compilation, program, device, method, technique, or process, that:

(1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and

-4-

Case 2:11-cv-06836-DSF-FMO Document 21-2 Filed 12/05/11 Page 5 of 16 Page ID #:180

(2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

3. The term "Confidential Information" shall mean and include any and all documents, information or other materials of the producing party that are and have been maintained in confidence, including trade secrets, customer or supplier lists, sales or purchase information, financial records, product research and development, business strategies, terms and conditions of agreements, and litigation documents not filed with the Court that are designated as "Confidential" at the time of their production or disclosure in this action or within 10 days after this Protective Order is signed by the Court, or as otherwise provided herein.

    a. In connection with the production of documents by any party hereto, Confidential Information shall be indicated by conspicuously marking "CONFIDENTIAL" on all pages of the document in which such Confidential Information is contained and Confidential Attorney's Eyes Only Information, as defined herein, shall be indicated by conspicuously marking "CONFIDENTIAL ATTORNEY'S EYES ONLY" on all pages of the document in which such Confidential Attorney's Eyes Only Information is contained.

    b. In connection with deposition testimony which may contain Confidential Information or Confidential Attorney's Eyes Only Information, any attorney for a party who believes that questions put to a witness being deposed will

Case 2:11-cv-06836-DSF-FMO Document 21-2 Filed 12/05/11 Page 6 of 10 Page ID #:181

disclose Confidential Information or Confidential Attorney's Eyes Only Information of the party represented by that attorney, or that the answer to any question(s) requires such disclosure, or documents to be used as exhibits during the examination contain Confidential Information or Confidential Attorney's Eyes Only Information of the party represented by that attorney, may request that the portion(s) of the deposition disclosing Confidential Information or Confidential Attorney's Eyes Only Information shall be taken in the presence of only the testifying witness, the attorneys for each party, the court reporter, and those qualified under this Protective Order to have access to the Confidential Information or Confidential Attorney's Eyes Only Information. Transcripts of such portion(s) of the deposition shall be separated from the non-confidential portion(s), and shall be securely sealed in an envelope by the officer reporting such deposition. Both the transcript and the envelope shall be marked:

> CONFIDENTIAL UNDER PROTECTIVE ORDER
> The information and data contained in this
> envelope is protected against any use, disclosure,
> display or revelation thereof by an Order of the Court.

The officer shall provide copies of the confidential portion(s) of the deposition transcript only to the attorneys of the parties to this Protective Order and to the testifying witness.

4. Confidential Information or Confidential Attorney's Eyes Only Information shall not include any document, information or other material which:

    a. is, at the time of disclosure, in the public domain by publication or otherwise;

    b. becomes at any time, through no act or failure to act on the part of the recipient party, part of the public domain by lawful publication or other lawful act;

    c. is already in the possession of a party at the time of disclosure and was not acquired directly or indirectly from the disclosing party; or

    d. is or was made available to a party by a third party who obtained the same by legal means and without any obligation of confidence to the party to this litigation claiming its confidential nature.

5. The following persons may have access to Confidential Information or Confidential Attorney's Eyes Only ~~HIGHLY CONFIDENTIAL~~ information in this action:

    a. Plaintiffs to this action

    b. TROJAN LAW OFFICES, 9250 Wilshire Blvd., Suite 325, Beverly Hills California 90212

    c. Court personnel, stenographic reporters, and videographers engaged in proceedings incident to this litigation, including preparation for trial or trial; and

-7-

  d. Clerical personnel and paralegal assistants employed by the law firm identified in Section 5b above or contracted by such firm;

  e. Experts employed by the law firm identified in Section 5b above or contracted by such firm.

  6. Confidential Information or Confidential Attorney's Eyes Only Information of a party to this Protective Order shall not be disclosed to anyone other than those persons to whom disclosure is permitted pursuant hereto and shall not be used for any purpose other than in connection with the prosecution or defense of this action.

  7. All persons to whom Confidential Information or Confidential Attorney's Eyes Only Information of a party to this Protective Order is disclosed shall consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing the terms of this Protective Order.

  8. Any person subject to this Protective Order and in possession of Confidential Information or Confidential Attorney's Eyes Only Information shall exercise reasonable and appropriate care with regard to the storage, custody or use of Confidential Information or Confidential Attorney's Eyes Only Information in order to ensure that the confidential nature of the same is maintained. Nothing in these provisions should be construed as requiring the Court or its employees to

provide any protection for confidential material beyond that required by Local Rule 79-5.

9. In the event that any Confidential Information or Confidential Attorney's Eyes Only Information of a party to this Protective Order is subject to any subsequent subpoenas, written notice shall be given to the party that produced the Confidential Information or Confidential Attorney's Eyes Only Information at issue within ten (10) business days of the service of such subpoena, and if production is being sought under any such subpoena in less than ten (10) business days, notice shall be given as soon as practicable.

10. If Confidential Information or Confidential Attorney's Eyes Only Information of a party is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the party originally producing the Confidential Information or Confidential Attorney's Eyes Only Information and make reasonable efforts to prevent further disclosure by the recipient of the Confidential Information or Confidential Attorney's Eyes Only Information. In the event any Confidential Information or Confidential Attorney's Eyes Only Information of a party is disclosed inadvertently, without the applicable CONFIDENTIAL or CONFIDENTIAL ATTORNEY'S EYES ONLY designations, the disclosing party shall be entitled to provide notice to all other

parties to this Protective Order that the inadvertently disclosed information is to be deemed CONFIDENTIAL or CONFIDENTIAL ATTORNEY'S EYES ONLY, and such information will thereafter be treated as Confidential Information or Confidential Attorney's Eyes Only Information under the terms of this Protective Order. However, no recipient of Confidential Information or Confidential Attorney's Eyes Only Information of a party that is inadvertently not properly marked as such shall be liable for any disclosure or use prior to the time of receipt of notice of the confidential character of such information.

11. Nothing contained herein shall prevent the use of the Confidential Information or Confidential Attorney's Eyes Only Information of a party at any hearing, ~~trial~~ or proceeding in this case, or in or with any written submissions to the Court in connection with this litigation, or any appeal relating thereto, provided that the parties to this Protective Order shall take appropriate measures to maintain their confidentiality, including filing under seal written submissions to the Court that include such Confidential Information or Confidential Attorney's Eyes Only Information. The parties to this Stipulation and Protective Order shall make reasonable efforts to minimize filings under seal and shall place Confidential Information or Confidential Attorney's Eyes Only Information only in attachments whenever possible. A party that seeks to file under seal any Confidential

Information or Confidential Attorney's Eyes Only Information must comply with Civil Local Rule 79-5.

12. In the event that any written submissions to the Court include materials containing Confidential Information or Confidential Attorney's Eyes Only Information, the Confidential Information or Confidential Attorney's Eyes Only Information shall be filed in securely sealed envelopes or other securely sealed containers accompanied by an application to file the papers -- or the confidential portion thereof -- under seal. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal. A party that seeks to file under seal any Confidential Information or Confidential Attorney's Eyes Only Information must comply with Civil Local Rule 79-5. Additionally, the envelopes or containers shall indicate:

  a. the title of the action;

  b. brief description of the contents; and,

  c. shall be marked as follows:

CONFIDENTIAL UNDER PROTECTIVE ORDER

The information and data contained in this envelope is protected against any use, disclosure, display or revelation thereof by an Order of the Court.

13. When Confidential Information or Confidential Attorney's Eyes Only Information of a party to this Protective Order is discussed, quoted or referred to in any deposition, the disclosing party shall ensure that only persons qualified to have access are present.

14. When Confidential Information or Confidential Attorney's Eyes Only Information is incorporated in a transcript of a deposition, the disclosing party shall arrange with the reporter to preserve the confidentiality of such information in accordance with Section 3(c) and/or Section 15 hereof.

15. Confidential Information or Confidential Attorney's Eyes Only Information disclosed at a deposition may be designated as confidential by either (a) indicating on the record at the deposition that the testimony is Confidential Information or Confidential Attorney's Eyes Only Information or (b) notifying the opposing party in writing within ten (10) business days of the receipt of the transcript of those pages and lines that are confidential. Until such time period passes, all parties shall treat the deposition transcript as confidential.

16. In addition to the above restrictions, any party to this Protective Order shall have the further right to designate documents, information or materials that otherwise constitute Confidential Information and that relate to (a) its financial information, (b) its current research and development efforts, (c) its products in development or not yet commercially introduced, (d) its current business strategies,

(e) the identity of its customers and/or suppliers, (f) its trade secrets and/or (g) terms and conditions of agreements as being "CONFIDENTIAL ATTORNEY'S EYES ONLY INFORMATION." All such designated documents, information or materials shall be treated as Confidential Information.

17. Any party to this Protective Order may at any time notify in writing the other parties to this Protective Order of its objection that a portion or all of the information designated as Confidential Information or Confidential Attorney's Eyes Only Information is not entitled to protection under the terms of this Stipulation and Protective Order. Such notice may also be provided upon the record of a deposition. The written notice shall contain a particularized description of the documents or information that the party is objecting to and state the grounds for the objection. The parties shall attempt, in good faith, to resolve any disputes concerning Confidential Information or Confidential Attorney's Eyes Only Information, by informal negotiation. If such negotiation fails to resolve the dispute within ~~five (5) days~~ ten (10) days of receipt of the written notice, the procedure for obtaining a decision from the Court is that set forth in Local Rule 37. The information shall remain as designated until the Court has ruled upon the motion or the parties have agreed otherwise. Any Order requiring disclosure shall be drawn as narrowly as possible to protect the interests of all parties concerned.

18.     Nothing herein shall prevent disclosure if each party designating information as CONFIDENTIAL or CONFIDENTIAL ATTORNEY'S EYES ONLY INFORMATION consents in writing to such disclosure.

19.     General disclosures of information shall not be deemed to place more specific disclosures of information concerning the same subject into the public domain.

20.     This Protective Order is not intended to deal with any discovery objections on the grounds of relevancy, attorney-client privilege or work product, or other evidentiary grounds, or to preclude any party to this Protective Order from seeking relief either from a provision of this Protective Order or any other relief from this Court which may be appropriate under the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Nothing herein shall be construed as to limit any parties' ability to object to any discovery request, redact highly sensitive, proprietary, and/or trade secret information, or withhold production of document(s) which contain highly sensitive, proprietary, and/or trade secret information. In the event that information is redacted and/or withheld from disclosure, the party requesting the information may, following the procedure instructed in Local Rule 37, move for an Order compelling further disclosure of the redacted and/or withheld information. Upon written request by the moving party

during a motion to compel, an unredacted copy of the information sought shall be lodged with the Court, under seal, for an *in camera* inspection by the Court.

21. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties hereto without involving the Court unnecessarily in the process. Nothing in this Protective Order nor the production of any information or document under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

22. The obligations of this Protective Order shall survive the termination of the action and continue to bind the parties, their counsel and anyone else who obtained CONFIDENTIAL or CONFIDENTIAL ATTORNEY'S EYES ONLY INFORMATION pursuant to this Stipulation and Protective Order. Within sixty (60) days after the final termination of this action by judgment, settlement or otherwise and/or exhaustion of all rights of appeal, all CONFIDENTIAL or CONFIDENTIAL ATTORNEY'S EYES ONLY INFORMATION documents and copies thereof within the possession, custody or control of any person to whom use or disclosure of any Confidential Documents has occurred (other than the Court) as a result of this Protective Order, shall be returned to the counsel for the party that

produced the designated documents. Counsel for the party that received the designated documents has the option of destroying the designated documents provided that counsel who elects to do so certifies in writing to the counsel for the party that produced the designated documents that such destruction has occurred. Once the case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of this Protective Order become public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise.

23. Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this litigation and, in the course thereof, referring or relying generally upon his or her examination of documents or information designated CONFIDENTIAL or CONFIDENTIAL ATTORNEY'S EYES ONLY INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with his or her clients, the attorney shall not disclose the content of such information or documents contrary to the terms of this Protective Order.

Respectfully submitted,

TROJAN LAW OFFICES

Dated: December 2, 2011     By:   /s/ R. Joseph Trojan
                                  R. Joseph Trojan
                                  Attorneys for Plaintiffs

-16-

IT IS SO ORDERED.

DATED: 12/7/11

_____
UNITED STATES MAGISTRATE JUDGE

# Ex Parte Application

2:11-cv-06836-DSF-FMO Ryan Tokko et al v. www.internationalwig.com LLC et al
(FMOx), AO120, DISCOVERY, MANADR

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Trojan, R on 12/5/2011 at 4:10 PM PST and filed on 12/5/2011
**Case Name:** Ryan Tokko et al v. www.internationalwig.com LLC et al
**Case Number:** 2:11-cv-06836-DSF-FMO
**Filer:** Ryan Tokko
Hair Shop Inc
Xtenplus International Inc
**Document Number:** 21

**Docket Text:**
EX PARTE APPLICATION for Order for ENTRY OF PROTECTIVE ORDER filed by Plaintiffs Hair Shop Inc, Ryan Tokko, Xtenplus International Inc. (Attachments: # (1) Proposed Order GRANTING PLAINTIFFS EX PARTE APPLICATION FOR ENTRY OF PROTECTIVE ORDER, # (2) [PROPOSED] PROTECTIVE ORDER, # (3) Proposed Order APPROVING PROTECTIVE ORDER)(Trojan, R)

**2:11-cv-06836-DSF-FMO Notice has been electronically mailed to:**

R Joseph Trojan    trojan@trojanlawoffices.com, dang@trojanlawoffices.com, han@trojanlawoffices.com, speier@trojanlawoffices.com

**2:11-cv-06836-DSF-FMO Notice has been delivered by First Class U. S. Mail or by other means to: :**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** Ex parte Application.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=12/5/2011] [FileNumber=12726736-0
] [b4ef727563c5532e83bc658d97a84b4fae0080bf133db97695f1539c9b81efe5cd3
ea3b43fd19597cfccbe0a16b4ed1d5b0ea3d74c116f2994028397d4ad14b6]]
**Document description:** Proposed Order GRANTING PLAINTIFFS EX PARTE APPLICATION FOR ENTRY OF PROTECTIVE ORDER
**Original filename:** Proposed Order for ex parte.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=12/5/2011] [FileNumber=12726736-1
] [bd01680d323bedbf17aa5d06aef50a01bcb2ee3310089ea65de9f389ba7c3423442
d5c12a490c698e37767884edf9c10cb3c5265ff6310807a2bc114ee7f0da1]]
**Document description:** [PROPOSED] PROTECTIVE ORDER
**Original filename:** Protective Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=12/5/2011] [FileNumber=12726736-2
] [99b3ff0743af5ceb7e67e27dfb7ebf71fdf7ce0dbcabac16a4f3eddccbedb9349d7
87e6ba4f11a967686cd4d365b92dbc0792fdaa2fdbcc52bb5220d5fc68192]]
**Document description:** Proposed Order APPROVING PROTECTIVE ORDER
**Original filename:** Order for Protective Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=12/5/2011] [FileNumber=12726736-3
] [99adbf4dd6331efa2264864bafa647bca39ae146ef1c760d8629d7d7f7760915aa5
8c88cfa9ca4ff3b46ed29354eb25695c882c78e222c252ed150ae6556858c]]